J. S23036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                      :           PENNSYLVANIA
        v.          :
                      :
NELSON MARTINEZ,         :       No. 2140 EDA 2019
                      :
        Appellant    :

Appeal from the Order Entered July 16, 2019,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0002416-2013

BEFORE: NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 22, 2020**

Nelson Martinez appeals from the July 16, 2019 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The relevant facts of this case were set forth by the trial court in its opinion and need not be reiterated here. (***See*** trial court opinion, 10/20/15 at 3-8.) The relevant procedural history of this case, as gleaned from the certified record, is as follows: On August 7, 2014, a jury found appellant guilty of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child less than 13 years of age, sexual assault, corruption of minors, and indecent assault of a child less than

13 years of age.[1]  These convictions stemmed from appellant's repeated sexual assault of his 11-year-old stepdaughter ("the victim") in the fall of 2012.  Following a Sexual Offender Assessment Board Evaluation, the trial court classified appellant as a sexually violent predator and sentenced him to an aggregate term of 43½ to 87 years' imprisonment on April 8, 2015.  On November 10, 2016, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for **allocatur** on June 1, 2017.  **See Commonwealth v. Martinez**, 159 A.3d 582 (Pa.Super. 2016), **appeal denied**, 169 A.3d 560 (Pa. 2017).

On February 15, 2018, appellant filed a timely **pro se** PCRA petition,[2] and the PCRA court appointed Alfred Stirba IV, Esq. ("PCRA counsel"), to represent appellant.  PCRA counsel filed an amended PCRA petition on appellant's behalf on April 16, 2018.  The PCRA court held evidentiary hearings in this matter on June 22, 2018, September 7, 2018, January 4, 2019, and March 22, 2019.  Thereafter, on April 29, 2019, appellant filed a **pro se** motion wherein he sought the removal of PCRA counsel and requested to proceed

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3124.1, 6301(a)(1)(ii), and 3126(a)(7), respectively.

[2] Appellant styled his **pro se** petition as a "Motion for Relief from (SORNA)," but the PCRA court properly treated this matter as a PCRA petition.  **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (stating, "the PCRA is intended to be the sole means of achieving post-conviction relief."); **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011) (stating that, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition[]"), **appeal denied**, 47 A.3d 845 (Pa. 2012).

*pro se*. Following a PCRA/*Grazier*[3] hearing on May 17, 2019, the PCRA court granted appellant's request to proceed *pro se*. The PCRA court provided appellant 60 days to prepare and file an amended PCRA petition, but appellant failed to timely amend his petition nor identify any additional issues.

On June 13, 2019, appellant filed a *pro se* motion arguing that the PCRA court judge, the Honorable Kelly L. Banach ("Judge Banach"), was biased and that she should recuse herself. The PCRA court denied appellant's motion on June 17, 2019. Thereafter, on July 2, 2019, appellant filed a *pro se* motion to subpoena witnesses and compel discovery of various documents. The PCRA court denied appellant's motion on July 8, 2019. On July 16, 2019, the PCRA court denied appellant's PCRA petition. This timely appeal followed.[4, 5]

Appellant raises the following issues for our review:

> I. Whether [PCRA counsel] was effective in filing an amended PCRA petition [o]n behalf of his client?

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[4] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On July 29, 2019, the PCRA court entered an order indicating that it was relying on the reasoning set forth in its July 16, 2019 order and that no Rule 1925(a) opinion would be forthcoming.

[5] The record reflects that on November 22, 2019, this court entered a *per curiam* order denying appellant's November 4, 2019 *pro se* "Application For Relief" without prejudice to his right to raise the issues in the application in his appellate brief. Additionally, on April 13, 2020, this court entered a *per curiam* order denying appellant's March 26, 2020 *pro se* "Application for Dismissal," on the basis that all filing deadlines have been extended in light of the COVID-19 Statewide Judicial Emergency, and accordingly, the Commonwealth's March 26, 2020 brief was timely filed.

> II. Whether a **subpoena duces tecum** is allowed **pro se**, pursuant to 42 [Pa.C.S.A. §] 9545?
>
> III. Whether the production of documents is allowed **pro se** under Pa.R.Crim.P.[] 902(E) for exceptional circumstances pursuant to 42 [Pa.C.S.A. §] 9545(d)(2)?
>
> IV. Whether the PCRA hearing judge exceeded jurisdiction in acting as a judge in a motion for recusal?

Appellant's brief at 1 (extraneous capitalization omitted; emphasis added).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that her conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

In his first claim, appellant baldly contends that PCRA counsel was ineffective "in submitting an amended PCRA petition on [his] behalf." (Appellant's brief at 4 (extraneous capitalization omitted).) Appellant avers that:

> a brief consultation was conducted with []appellant, [and] there [were] several issues that were discussed as to what []appellant wanted filed in his amended PCRA petition by [PCRA counsel]. Those issues were never submitted in the amended PCRA petition[.]

*Id.* (extraneous capitalization omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove that: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted). This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Preliminarily, we recognize that following a *Grazier* hearing in this matter, the PCRA court granted appellant's request to remove PCRA counsel and permitted him to proceed *pro se*. At no time did appellant raise any issues challenging PCRA counsel's stewardship before the PCRA court. Nor did

appellant take the opportunity to amend his petition. This court has long recognized that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (citations omitted), *appeal denied*, 101 A.3d 785 (Pa. 2014).

In any event, we note that appellant does not acknowledge, let alone discuss, any of the three prongs of the ineffectiveness test in the "Argument" section of his appellate brief. (*See* appellant's brief at 4-5.) Nor does appellant identify the specific issues he informed PCRA counsel to raise in his amended petition. (*Id.*) "[W]here Appellant has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *See Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008), *abrogated on other grounds sub nom*, *Pena-Rodriguez v. Colorado*, 137 S.Ct. 855 (2017); *see also Commonwealth v. McDermitt*, 66 A.3d 810, 813-814 (Pa.Super. 2013) (affirming dismissal of claims of ineffective assistance of counsel where, *inter alia*, allegations in petition did not explain specifics of underlying claim or establish prejudice). Accordingly, we find appellant's bald claims of PCRA counsel's ineffectiveness waived for lack of development.

The crux of appellant's next two claims is that the PCRA court erred in denying his motion to subpoena witnesses and compel discovery of various documents. (Appellant's brief at 5-9.) For the following reasons, we disagree.

Discovery in the PCRA context "is only permitted upon leave of court after a showing of exceptional circumstances." ***Commonwealth v. Frey***, 41 A.3d 605, 611 (Pa.Super. 2012) (citations omitted), ***appeal denied***, 65 A.3d 413 (Pa. 2013). Pursuant to the Pennsylvania Rules of Criminal Procedure, "[e]xcept as provided [on the first counseled petition in a death penalty case], no discovery shall be permitted at any stage of [post-conviction] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1), (2). It is the PCRA court's discretion to determine whether "exceptional circumstances" exist, and "mere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery." ***Frey***, 41 A.3d at 611-612. "[W]e review a PCRA court's denial of discovery for an abuse of discretion." ***Commonwealth v. Reid***, 99 A.3d 470, 486 (Pa. 2014) (citation omitted).

Here, a cursory review of appellant's brief confirms that he failed to establish the exceptional circumstances necessary for discovery in post-conviction proceedings. Likewise, his subpoena requests were nothing more than an impermissible "fishing expedition." This court has long recognized that "subpoenas are not to be used to compel production of

documents merely for inspection or for a fishing expedition." ***Commonwealth v. Cook***, 865 A.2d 869, 877 (Pa.Super. 2004) (citation and brackets omitted), ***appeal denied***, 880 A.2d 1236 (Pa. 2005). Based on the foregoing, appellant's claim that the PCRA court erred in denying his motion to subpoena witnesses and compel discovery must fail.

In his final claim, appellant argues that Judge Banach was biased against him and erred by denying his motion that she recuse herself. (Appellant's brief at 10.) In support of this contention, appellant baldly contends that Judge Banach conspired to suppress the juvenile records of another individual who allegedly sexually assaulted the victim. (***Id.*** at 10-11.) This claim is meritless.

"We review the PCRA court's denial of the recusal motion for abuse of discretion." ***Commonwealth v. Brown***, 141 A.3d 491, 498 (Pa.Super. 2016) (citation and brackets omitted). "It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. White***, 910 A.2d 648, 657 (Pa. 2006) (citation omitted).

Here, our independent review of the multiple PCRA hearing transcripts in this matter does not reveal a scintilla of evidence to support appellant's contention that Judge Banach, in her "lust for power, deliberately exceeded her jurisdiction as a judge." (***See*** appellant's brief at 10.) Nor does appellant identify any specific comments or instance in the record where the PCRA court

demonstrated bias against him. Accordingly, appellant's claim that the PCRA court erred in denying his recusal motion must fail.

Based on the foregoing, we affirm the July 16, 2019 order denying appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20